C.J. LOUIS, NEUROLOGICAL SERVICE INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Louis v. Commissioner
Docket No. 17656-92
United States Tax Court
T.C. Memo 1993-389; 1993 Tax Ct. Memo LEXIS 393; 66 T.C.M. (CCH) 521; August 25, 1993, Filed *393 An appropriate order of dismissal for lack of jurisdiction will be entered. For petitioner: C.J. Louis (an officer).
For respondent: Sherri L. Feuer. DAWSON, POWELL
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Carleton D. Powell pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE POWELL, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. The sole issue is whether the notice of deficiency was mailed to petitioner's last known address as required by section 6212(b). The facts may be summarized as follows. By notice of deficiency mailed to petitioner on March 20, 1992, respondent determined that there were additions *394 to tax due from petitioner for the taxable year 1988 under sections 6653(a) and 6661 in the respective amounts of $ 4,539.25 and $ 12,399.30. [2] *395 The notice of deficiency was sent by certified mail to petitioner at 125 East Court Street, Cincinnati, Ohio 45202. There was no suite or room number included in the address. The Post Office, however, wrote on the envelope "201" which is the suite of offices that petitioner occupied, and delivery was attempted on that suite of offices. [3] At the time of the first attempted delivery on March 23, 1992, no one responded at petitioner's office, and the postman delivering the mail left a notice of attempted delivery. Subsequent notices were sent to petitioner at that address on March 28, 1992 and April 7, 1992. Petitioner never claimed the notice of deficiency, and it was returned to respondent with a notification of "Unclaimed". Petitioner mailed the petition in this case on July 30, 1992. Section 6212(a) authorizes the Secretary of the Treasury to send a notice of deficiency to a taxpayer by certified or registered mail when he determines that a deficiency exists in a taxpayer's taxes. Section 6212(b)(1) provides (with an exception not relevant here) that the notice authorized by section 6212(a) shall be sufficient if mailed to the taxpayer at his "last known address". With again an exception not relevant here, a taxpayer may file a petition with this Court "Within 90 days * * * after the notice of deficiency * * * is mailed". Sec. 6213(a). Both the mailing of the notice to a taxpayer's last known address and the time for filing a petition are jurisdictional requirements, and if either is not satisfied, the Court must dismiss the case for lack of jurisdiction. ; *396 . The parties agree that the petition was not filed within 90 days of the mailing of the notice of deficiency, and the dispute focuses on whether the notice was sent to petitioner's last known address. Neither section 6212 nor the regulations promulgated thereunder define a taxpayer's last known address. However, it is established that a taxpayer's last known address must be determined by consideration of all relevant circumstances. Petitioner contends that the omission of the suite number on the envelope was fatal to the mailing of the notice to its last known address. But we do not believe that the failure to include the suite number had any effect on petitioner's failure to receive the notice. See . The fact remains that delivery was attempted at petitioner's last known address three times, and, for reasons unknown, petitioner, through its employees, refused to claim the notice. Petitioner may spin various webs of conjecture concerning shortcomings by respondent in dealing with him, but the notice was sent to and delivery was *397 attempted at petitioner's last known address. [4] That is what the law requires, and even if inconsequential errors were made, they would not destroy the validity of the notice of deficiency mailed in this case. . Accordingly, on this record, respondent's motion to dismiss for lack of jurisdiction will be granted on the ground that the petition was not timely filed. [5]
*398 An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Apparently, petitioner filed a return for 1988 that contained many substantial errors. Subsequently, an investigation commenced and a deficiency was proposed, agreed to, and paid by petitioner.↩
3. Petitioner had originally occupied a suite of offices at 909. Subsequently the offices were moved to 201. The post office employees, however, were aware of the move, and there is no indication that this move caused the mail to be misdirected.↩
4. There is some question as to whether petitioner executed a power of attorney in favor of his accountant, Herbert Jenkins, in which it was requested that either the original or a copy of the notice of deficiency be mailed to Mr. Jenkins. Petitioner, however, has not established that such a power of attorney was validly executed, and Mr. Jenkins testified that he was not aware of the existence of such a power.↩
5. We note that petitioner is not without a remedy here. He can pay the tax, file a timely claim for refund, and, if the claim is denied, institute a refund action. See sec. 7422; .↩